# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

LARRY SNODERLY                                                          PLAINTIFF

v.                                              CIVIL ACTION NO. 4:08CV-P149-M

DAVID OSBORNE *et al.*                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry Snoderly, a former inmate at the Daviess County Detention Center,[1] filed

a *pro se* complaint pursuant to 42 U.S.C. § 1983.  With the permission of the Court, he also later

filed an amended complaint.  Both complaints are before the Court for *sua sponte* screening

pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For

the reasons that follow, the Court will dismiss the claims set forth in the original complaint and

will allow the claims set forth in the amended complaint to proceed for further development.

## I.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to ''state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff

---

[1]Plaintiff is currently incarcerated at the Taylor County Detention Center.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.* For the purpose of this initial review, the Court will separately examine Plaintiff's original complaint and amended complaint.

**A.  Original Complaint**

In Plaintiff's original complaint, he sued the following individuals:  Daviess County Detention Center Jailer David Osborne, Kentucky Department of Corrections Commissioner LaDonna Thompson, and an unknown Southern Health Care Partners' nurse.  Plaintiff's complaints can be divided into six main categories: 1) slow mail processing, particularly relating to mail that Plaintiff sent to Canada on November 15 and November 28; 2) the jail's refusal to send legal mail "registered" or "certified"; 3) lack of a prison library; 4) an ineffective grievance procedure; 5) the cost of medical co-pays; 6) and the jail's refusal to provide Plaintiff with the type of insulin he had previously been taking.

**1.  Slow mail processing**

Plaintiff states it took the prison eighteen days to put extra stamps on two letters he wanted to mail to Canada.  This does not state a constitutional claim.  "[S]hort, non-content based delays in prison mail are not unreasonable and fail to state a constitutional question." *Cotten v. Schotten*, No. 95-4085, 1997 U.S. App. LEXIS 13234 (6th Cir. June 4, 1997) (citing *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987)).  The delay in processing Plaintiff's mail as alleged in his complaint does not rise to the level of a constitutional violation.

**2.  Jail's refusal to send legal mail certified or registered**

Prisoners have a constitutional right to access the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  Here, Plaintiff claims that although he has the funds, the jail would not allow him to send legal mail registered or certified.  He does not allege, however, that the prison refused to send his legal mail.  He simply states that unless he can send it certified or registered, he has no way of knowing for sure that the prison sent it.  There is no constitutional right to send mail

certified or return receipt requested.  *See Schack v. Wainwright*, 391 F.2d 608 (5th Cir. 1968);

*see also Cotten*, 1997 U.S. App. LEXIS 13234 at *3 ("[T]here is no constitutional right to

receive a return receipt in the mail.");  *Larson v. Frossard*, No. 86 C 6154, 1987 U.S. Dist.

LEXIS 811 (N.D. Ill. Jan. 30, 1987) ("[I]n the present case, plaintiff has not demonstrated that

certified mail was necessary or that alternative means, such as regular mail, were insufficient.

The Court therefore finds plaintiff's allegations fail to state a claim.").  Plaintiff has not

established a constitutional violation.

### 3.     Lack of prison library

In order to state a claim for interference with access to the courts, a plaintiff must show

an actual injury.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  "An inmate cannot

establish relevant actual injury simply by establishing that his prison's law library or legal

assistance program is subpar in some theoretical sense.  That would be the precise analog of the

healthy inmate claiming constitutional violation because of the inadequacy of the prison

infirmary."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  "'Meaningful access to the courts is the

touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged

shortcomings in the library or legal assistance program hindered his efforts to pursue a legal

claim."  *Id.* (internal citations omitted).  "Examples of actual prejudice to pending or

contemplated litigation include having a case dismissed, being unable to file a complaint, and

missing a court-imposed deadline."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Here, while Plaintiff is frustrated with the difficulties he encountered with obtaining legal

materials, he has not alleged that these difficulties actually prevented him from meaningfully

accessing the courts.  As such, he has not set forth a constitutional violation.

### 4. Ineffective grievance procedure

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). As such, Plaintiff has not stated a constitutional violation.

### 5. Medical co-pays

Plaintiff complains that he was charged ten dollars for each medical prescription and states that this is unfair. Plaintiff states that most of his prescriptions can be "brought for $2-3. I would like to be charge per real cost." "It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997)). Moreover, the Sixth Circuit has implicitly rejected the notion that charging a medical co-pay constitutes a "taking" under the Fifth Amendment because the inmates receive services or goods in exchange for the payment. *See Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001) ("The copayment fee was deducted from their accounts in exchange for medical services.") (citing *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981)). Plaintiff has failed to state a constitutional violation based on the co-pays.

### 6. Insulin

Finally, Plaintiff alleges that the nurse at Southern Health Partners told Plaintiff that the

jail would not supply with him Lantus, the type of insulin he had taken for several years, because it cost too much. Plaintiff alleges that he was told his insulin would be switched to a different kind. He expressed fear in the complaint that the alternative insulin would cause him problems because the Lantus "works best with [his] body." He asked the Court to order Southern Health Partners to provide him with the Lantus.

There is a recognized Eighth Amendment protection for prisoners against "deliberate indifference" to a serious medical need, but that indifference generally involves the failure to provide medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff, however, does not allege that the prison failed to provide him with medical care. He simply alleges that they refused to provide him with the exact type of medication that he wanted to receive. Furthermore, Plaintiff failed to allege that the insulin provided by the jail actually caused him harm. Rather, he merely alleged that he was fearful that it *might* not work as well. Plaintiff's allegations are insufficient to state an Eighth Amendment claim.

Furthermore, Plaintiff's transfer from the Daviess County Detention Center to another facility mooted his request for injunctive relief with respect to this claim. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Here, it is clear that Plaintiff would derive no benefit from granting the requested relief.

The Court concludes that Plaintiff's original complaint fails to state a claim for relief against any of the Defendants.

**B.      Amended Complaint**

In addition to the Defendants named in the original complaint (Jailer Osborne, Commissioner Thompson, and the unknown Southern Health Partners nurse), the amended complaint adds Taylor County Jailer Richard Benningfield, Taylor County Detention Center Class D Coordinator Mary Cox, and Taylor County Detention Center Evening Supervisor Sharon.  Plaintiff alleges on January 2, 2009, while still in custody at the Daviess County Detention Center, he "was sexually assaulted by an inmate that was supposed to be in Federal Custody."  He attributes the attack to a "faulty design" in Cell C-153 and overcrowding at the jail.  Plaintiff also alleges that because his medication had been stopped by the Southern Health Partners nurse and due to the overcrowding he was unable to call for help.

Five days after being sexually assaulted, Plaintiff states that he was transferred to the Taylor County Detention Center.  Plaintiff claims that the Taylor County Detention Center officials did not provide him with proper medical care or psychological counseling, which led him to cut himself in early April or late March of 2009.  Even after the cutting, Plaintiff states that he was held in isolation without additional care or treatment.

Based on its review, the Court will allow the claims set forth in Plaintiff's amended complaint to proceed against all Defendants.  The Court will enter a separate Scheduling Order to govern the development of the remaining claims.  In allowing these claims to proceed, the Court passes no judgment on their ultimate outcome.

**III.**

For the reasons set forth above, **IT IS HEREBY ORDERED** that the claims set forth in

Plaintiff's original complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure

to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that in light of this Memorandum Opinion and Order,

Plaintiff's motions to move complaint and for service on Defendants (DNs 20 and 21) are

**DENIED as moot**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Taylor County Attorney
        Daviess County Attorney
        Justice & Public Safety Cabinet, Office of Legal Counsel
4414.008